* Sewall, C. J.
Upon this state of facts, our opinion is, that the plaintiff has sustained an injury by the act of the defendant. The plaintiff has a right of action, a just demand for damages; but whether in the form of trespass, or of trespass on the case, is a question of some difficulty in the circumstances of this case.
The well-known distinction of immediate injury and consequen tial injury is the rule upon which our doubts have arisen: in all other respects, the action is clearly maintained for the plaintiff upon the facts agreed.
It is immaterial, as respects the right of action, or the form, whether the act of the defendant was by his intention and purpose injurious to the plaintiff, or the mischief which ensued was accidental, and beside his intention, or contrary to it. The decision in the case of Underwood vs. Hewson (1) has never been questioned. There the defendant was uncocking his gun, when it went off and accidentally wounded a bystander. The defendant was charged, and holden liable in trespass. Other cases, before and since, might be cited, in which the same doctrine, which governed in that decision, has been recognized as the law. There is a very full and accurate collection of the decisions on this subject, both as to the right and the form of action, in Chitty on Pleading, to which I refer. (2)
In the case at bar, it does not appear, from the facts stated, how near the place where the horse was fastened was to the door of *132 the shop, the place where the gun was fired. If the horse and chaise were in plain sight, and near enough to be supposed to excite any attention or caution on the part of the defendant, or if it was in evidence that he had noticed their being there, exposed to the consequences of his firing the gun, and the distance was such as that, by common experience, there might be a reasonable apprehension of frightening the horse by the discharge of the gun, I should think the defendant, although no purpose of mischief was proved, and even if it was not a case of very gross negligence, [ * 139 ] liable in an action of trespass. On the other hand, *if the plaintiff’s horse and chaise were out of his sight, and had not been noticed by the defendant, and the distance was such as that no reasonable apprehension of frightening the horse could arise, supposing the horse and chaise to have been observed by the defendant, the injury is hardly to be considered as sufficiently immediate upon the act of the defendant to render him liable in this form of action ; although undoubtedly liable in an action upon the case, to the extent of the damage actually sustained by the plaintiff.
Upon the wffiole, if the parties agree in the amount of damages, a contest about the form of action will be of little avail to the defendant; as, if he should defeat the plaintiff in this suit, the expenses of it might be properly urged as a ground of further damages, in an action of the case. If the parties do not agree, we shall leave the case to the jury to settle it as a question of fact, upon the principles I have stated.
The Court would take this occasion to observe upon the dangers to which travellers and passengers on foot and in carriages are exposed by discharges of guns in or near the highways — dangers affecting not only the property, but the limbs and lives, of their fellow-citizens, and others entitled to the protection of the laws. The extreme inconsiderateness, and sometimes the purposes of wanton mischief, discoverable in acts of this description, are to be corrected and punished. The party injured, either in his person or property, by the discharge of a gun, even when the act is lawful, as at a military muster and parade, and under the orders of a commanding officer, is entitled to redress in a civil action, to the extent of his damage; and where the act is unnecessary, a matter of idle sport and negligence, and still more when the act is accompanied with purposes of wanton or deliberate mischief, and any hurt or damage ensues, the guilty party is liable, not only in a civil action, but as an offender against the public peace and security ; is liable to be indicted, and, upon conviction, to be fined and imprisoned, and, *133 indeed, to worse consequences, where loss of limb or of life is the consequence of this inhuman negligence and sport, (a)

 Strange, 596.

 Chitty. 123—128.— Sir T. Raym. 422, 467. — Hob. 134. — Str. 596.

 1 Chitty, Plead. 5th ed. 146. — Moreton vs. Hardern, 4 Barn. & Cresw. 226.