# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1829, AT PLYMOUTH.

##### PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

## COMMONWEALTH *versus* BARNEY WING

If one discharges a gun at wild fowl, with knowledge and warning that the report will affect injuriously the health of a sick person in the neighbourhood, and such effect is produced by the discharge, he is guilty of an indictable offence.

THE defendant was indicted for maliciously discharging a gun, whereby a woman, named M. A. Gifford, was thrown into convulsions and cramps. It was averred, that the defendant well knew that she was subject to such convulsions and cramps upon the firing of a gun, and that at the time when the offence was committed, he was warned and requested not to fire.

The case was tried before *Wilde* J.

It was proved, that M. A. Gifford was severely affected with a nervous disorder, and that she was uniformly thrown into a fit upon hearing a gun, thunder, or any other sudden noise, or

1

by hearing the words *gun, ammunition,* &c. mentioned. It was also proved that she had been in this situation for more than six years.

It was further proved, that the defendant discharged the gun in a highway, for the purpose of killing a wild goose, at a place two or three rods from the house in which M. A. Gifford then lived ; which house was situated on a neck of land where citizens had from time immemorial resorted for the purpose of fowling. And it was also proved, that immediately before the defendant discharged his gun, he was requested by M. A. Gifford's father not to fire, as it would throw his daughter into fits ; and evidence also was introduced showing the defendant's previous knowledge of the effect produced on her by the report of a gun, especially when discharged near to her.

The defendant contended, that as he was engaged in a lawful occupation, and as M. A. Gifford. had for so long a time been afflicted with what had probably become an incurable disease, he was not liable to punishment for the commission of the act alleged in the indictment.

The judge instructed the jury, that if they believed that the defendant knew, or had good reason to believe, that the consequences above mentioned would be produced by the firing of the gun, and had notice to that effect immediately before the firing, they should return a verdict of guilty ; which they did accordingly. If this instruction was wrong, a new trial was to be granted.

*Oct. 20th.* *Warren,* for the defendant. The indictment is for an alleged offence, which is technically called a nuisance. It cannot be sustained, because the act done was not to the annoyance of the citizens generally. Bac. Abr. *Nuisance, B ; Rex* v. *White,* 1 Burr. 333 ; *Rex* v. *Combrune,* 1 Wils. 301 ; *Rex* v. *Wheatly,* 2 Burr. 1126 ; *Rex* v. *Lloyd,* 4 Esp. 200 ; *Arnold* v. *Jefferson,* 3 Salk. 248. The act, in itself, was neither *malum in se,* nor *malum prohibitum.* The defendant was in the exercise of a lawful employment, and the injury was to a single person. Her remedy is by action ; the Commonwealth is not interested in the matter. The dictum of *Sewall* C. J. in *Cole* v. *Fisher,* 11 Mass. R. 139, — that where the discharge of a gun is unnecessary, a matter of idle sport and neg

ligence, a ... till more where it is accompanied with purposes of wanton and deliberate mischief, the party is liable as a public offender, — does not apply to this case ; for the act of the defendant does not come within either of those descriptions, and it was not done to the common danger of the citizens, but on a neck of land where citizens had immemorially resorted for the purpose of fowling.

Commonwealth
v.
Wing.

The nature of the disease is such, that a citizen was not obliged, from regard to it, to refrain from his usual, lawful pursuits. Where a person is suffering under a complaint which is aggravated by the transaction of the ordinary business of society, it is better that he should suffer, than that the business of the community should be suspended. It is certainly better that he should be left to that remedy which the law gives every man for a violation of his private rights. If the above doctrine is not sound as applied to temporary diseases, it is when the affection is of so long standing as in this case. An action cannot be sustained for an injury which the party might have avoided by ordinary care. It was the duty of the woman to have removed from a neighbourhood where the citizens have immemorially pursued an occupation which injuriously affected her health. *Butterfield* v. *Forrester*, 11 East, 60 ; *Smith* v. *Smith*, 2 Pick. 621 ; *Rex* v. *Cross*, 2 Carr. & Payne, 483.

*Morton*, Attorney General, *contrà*, cited 4 Bl. Com. 197 ; and *Cole* v. *Fisher*, 11 Mass. R. 139.

PARKER C. J. delivered the opinion of the Court. If the indictment were for a nuisance, the authorities cited by the defendant's counsel would clearly show, that it could not be sustained ; for the most that could be made of it would be a private nuisance, for which an action on the case only would lie. But we think the offence described is a misdemeanor, and not a nuisance. It was a wanton act of mischief, necessarily injurious to the person aggrieved, after full notice of the consequences, and a request to desist. The jury have found that the act was maliciously done.

*Oct. 22d*

In the case of *Cole* v. *Fisher*, 11 Mass. R. 137, Chief Justice *Sewall*, in delivering the opinion of the Court, speaking of the discharging of guns unnecessarily, says, if it is a matter of idle sport and negligence, and still more when the act is ac-

companied with purposes of wanton or deliberate mischiei, the guilty party is liable, not only in a civil action, but as an offender against the public peace and security, is liable to be indicted, &c.

Now the facts proved in the case, namely, the defendant's previous knowledge that the woman was so affected by the report of a gun, as to be thrown into fits, the knowledge he had that she was within hearing, the earnest request made to him not to discharge his gun, show such a disregard to the safety and even the life of the afflicted party, as makes the firing a wanton and deliberate act of mischief.

*Judgment on the verdict.*