The Chief Justice
delivered the opinion of the court.
The state of demand in this case, alleges that the plaintiff below “ was possessed of a wagon and two horses in the public highway, and that the defendant drove his wagon and horses against the wagon and horses of the plaintiff, with such force and fury as to frighten the plaintiff’s horses, and to cause them to break loose from his wagon and run away, and the said horses being so frightened, and in running, were greatly bruised, wounded, and injured, and the harness broken; by means whereof the plaintiff saith he hath sustained damage to one hundred dollars.”
The defendant insisted unsuccessfully before the justice in the first place, and afterwards before the Court of Common Pleas, on the appeal, that the action was misconceived, and should *have been in trespass, instead of trespass on the case; and on the same ground he now seeks a reversal of the judgment rendered against him.
The counsel of the plaintiff below, insists that the gravamina, of w'hich he complains, are wholly consequential and *296 not immediate, the bruises, wounds and injuries, sustained by the horses in running away affrighted, and breaking his-harness. If his construction of the state of demand is correct, it is not certain that the form of action is right. In Cole v. Fisher, 11 Mass. Rep. 137, the defendant, by discharging a gun, frightened the plaintiff’s horse, who- ran away and broke the carriage of the plaintiff, and trespass-was held to be the proper remedy. But too limited a view of the cause of action set forth in the state of demand is-thus taken. The defendant is charged with having driven his horses and wagon against the wagon and horses of the-plaintiff, with such force and fury as to frighten the horses- and cause them to break loose from the wagon and run away and the clause “ by means whereof the plaintiff hath sustained damage ” extends to the driving of the one wagon and horses against the other as fully as to the wounds of the horses or the breaking of the harness. If it be true that the injured party may waive the direct injury and sue for the consequences only, and thus make use of a different form of action, such waiver has not been made here. If he may make the waiver, it should appear on his state of demand,, and not be reserved until the time of trial.
Under this state of demand, the plaintiff may unquestionably claim recompense for the injury done by driving the one wagon and horses against the' other. And this act is the subject of a suit of trespass, not of trespass on the case; whichsoever of the criteria to distinguish between them may be preferred and adopted. It combines them all • it was unlawful; direct; immediate; willful and forcible. The form of action, therefore, was misconceived; and the judgment should be reversed.
Drake, J., concurred.
Ford, J., absent.
Judgment reversed.