Reese, J.
delivered the opinion of the court.
Upon the case agreed in this record, we are of opinion that the circuit court pronounced a proper judgment.
The plaintiff is the captain of a volunteer company in the county of Rutherford, to whom public arms have been furnished. On the day mentioned in the case agreed, the company, under the command of their captain, were made to perform the usual military evolutions, and for three hours were instructed in the exercises of the drill in a grove near the town of Murfreesborougb.' This was very proper, and at that place the company ought to have been dismissed.
But the captain saw proper to march them, with drum beating, fife playing, and banner displayed, to the public square of the town of Murfreesborough; and when arrived there, caused them to discharge their guns, which frightened the horses of *564 the plaintiff below, which were hitched to- his wagon, causing them to run away with it, whereby one of them was killed. This was a result very naturally consequent upon the conduct' of the officer, and very likely to ensue. Hi's conduct was" highly improper. A military parade upon the public square of a town, and the discharge of small arms, may endanger not only the property, but the life of persons, who have a right to be there in the ordinary pursuit of business.
.Note. Authorities. Cole vs. Fisher, 11 Mass. R. 137. "When the law autho-* rises an act, and nothing' is done but what is necessary to accomplish the actr those who perform it, ¿are not liable as trespassers. Williams vs. Amory, 14 Mass. R. 20; Callender vs. Marsh, 1 Pick. 418. But no man shall be excused of a trespass except it may be adjudged utterly without his fault, and that he committed no negligence to give occasion to the hurt. Weaver vs. Ward, Ho~
To muster and drill men is a lawful and laudable employment. It is the duty of the officer; but at the same time it must be so conducted, as not to produce injury and loss to others. It must be done in the proper manner, the proper place, and the proper time; not negligently, not wantonly, not so as to injure others. If officers, tempted to exhibit themselves and their troops, in the pride, pomp, and circumstance of mimic war, will invade the business resorts of towns and villages; and by unusual sights and sounds frighten the horses, and upset the carriages of their neighbors, they must answer for the consequences.
Let the judgment be affirmed.