**Frank Maiss, Defendant in Error, v. The Metropolitan Amusement Association, Plaintiff in Error.**

**Gen. No. 14,248.**

1. EVIDENCE—*who competent to testify to value of buggy.* One who has bought buggies and who is familiar with their value in Chicago, is competent to testify to such value in Chicago.

2. MUNICIPAL COURT—*extent of jurisdiction.* The Municipal Court

Maiss v. Metropolitan Amusement Ass'n, 146 App. 196.

has jurisdiction in all actions of the fourth class, in all legal actions as distinguished from equitable, when the amount claimed does not exceed $1000, and such jurisdiction is not limited to actions on contracts or for money due and owing.

3.    TORTS—*duty of one using searchlight.* One operating a searchlight owes to persons driving upon streets in the vicinity of such light, the duty to use reasonable care to avoid using the light in such a manner as will be likely to frighten gentle horses.

Tort.    Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1908.    Affirmed.    Opinion filed January 8, 1909.

**Statement by the Court.**    In an action of the fourth class in the Municipal Court for a tort brought by defendant in error against plaintiff in error, defendant in error had judgment for $150, to reverse which this writ of error is prosecuted.    The defendant operated in its amusement park at Cottage Grove avenue and Sixtieth street an electric searchlight placed on a tower, so constructed and arranged that the beam of light could be made to travel, at the will of the operator, either in a horizontal or vertical path. Plaintiff was driving towards said park in the street next east of Cottage Grove avenue, and when about five blocks from the park the operator in charge of the searchlight caused the beam of light to travel in a zig zag path downward until it flashed in the horse's eyes, then down to the ground in front of the horse. The light frightened the horse and he ran away, throwing plaintiff out of the buggy and injuring him and breaking the buggy.    Plaintiff's evidence tended to show that the horse was gentle and that plaintiff used care and skill in driving and in attempting to control the horse after he was frightened.    Defendant offered no evidence.

BLUM & BLUM, for plaintiff in error.

FRANK L. DELAY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff testified that he had bought buggies and was familiar with their value in Chicago. We think the court did not err in permitting him to testify as to the value of his buggy.

The Municipal Court Act gives that court jurisdiction in actions of the fourth class in suits at law, "for the recovery of money only when the amount claimed does not exceed one thousand dollars." The words "actions for the recovery of money only," are found in the codes of procedure of many of the states. Section 5130 of the Ohio Code provides that, "issues of fact arising in actions for the recovery of money only," shall be tried by a jury. Such actions are regarded as legal as distinguished from equitable actions.

The only relief sought in an action in tort, as well as in an action for money due and owing, is the recovery of a judgment for money. We think it was clearly the intention of the Legislature to give the Municipal Court jurisdiction in actions of the fourth class in all legal actions, as distinguished from equitable, when the amount claimed does not exceed $1,000, and not to limit its jurisdiction to actions on contracts or for money due or owing.

The defendant in operating its searchlight owed to persons driving on the streets in the vicinity of the light the duty to use reasonable care to avoid using the light in such a manner as would be likely to frighten gentle horses. T., W. & W. R. R. Co. v. Harmon, 47 Ill. 298; C., B. & Q. R. R. Co. v. Dickson, 63 id. 151; I. C. R. R. Co. v. Scheffner, 209 id. 9; Cole v. Fisher, 11 Mass. 137; 1 Shearman & R. on Negligence, 607.

Whether the beam of light thrown into the eyes of plaintiff's horse and on the ground in front of the horse in the manner in which it was so thrown in this

case was likely to frighten a gentle horse was, we think, a question of fact for the jury.

We cannot, on the evidence in this record, say that the judgment is contrary either to the law or the evidence, and the judgment will be affirmed.

*Affirmed.*