Sullivan, J.
This action of tort is based on trespass in two counts; by the first count the plaintiff seeks damages because of the alleged unlawful entry by the defendants into his close whereby certain outside and inside doors were broken and for the repair of the same.
The second count which was for exemplary damages was waived by the plaintiff. The defendant Kingston in his answer filed a general denial. The other defendants, Forristall and Coffey, police officers of the City of Somerville, in their joint answer filed a general denial and allegations denying that the plaintiff had any right, title or interest in the premises and stated that their acts were committed while in the performance of their duties as such police officers and were thereby justified.
There was evidence on behalf of the plaintiff tending to show that he was an elderly, retired lawyer, living alone *278 with his housekeeper at 179 Elm Street, Somerville; that in August, 1938 he went away for a two weeks vacation; that for the preceding period of six years he had never been away from his home for more than a day at a time; that upon his return from the vacation he found a note in his home in the following language, “Mr. Cummings, police have inspected your home as some of the neighbors thought that you were sick as they didn’t see you around. Call station for further information. C. Gr. Forristall, Inspector of Police.”; that certain doors were damaged to the extent of $8.95; that in consequence of the .acts of the defendants he was disturbed and agitated.
The testimony on behalf of the defendants tended to show that on Sunday evening August 21, 1938 between 9:15 o’clock and 9:30 o’clock, darkness having set in, a police officer near the plaintiff’s home received information from a woman neighbor, Mrs. Fellows, by name, that she had not seen the plaintiff recently about the premises and was of the opinion something had happened to him, as he had been seen constantly before this; that the officer reported this information to the police station and thereupon officers were sent to investigate the premises and in doing so found the doors and windows secured; that after making a second report to the station they forcibly entered the rear entrance and thoroughly searched the premises and found things in order; that before making this examination of the premises the police officers requested the presence of the defendant Kingston; that the officers in leaving the premises secured the same by a “Dutch Lock”, so called.
The defendants against the objection of the plaintiff introduced evidence of Mrs. Fellows’ conversation with them telling of her suspicions, for the purpose of showing their motive in committing such forcible entry. The plaintiff claimed a report. He filed twenty-one requests for rulings of law of which numbers 1, 2, 4, 5, 6, 7, 9, 11, 12,, 13,16,17, *279 18,19 and 20 were allowed and the remaining requests were denied. There was a finding for the defendants. The report is alleged to contain all the evidence material to the issues involved.
The defendants filed no requests for rulings of law.
The testimony of Mrs. Fellows’ conversation telling of her suspicions as to the non-appearance of the plaintiff on his premises was inadmissible as it was hearsay evidence. It could not be admitted to show the motive of the defendants in breaking the plaintiff’s close; as in trespass the good intention of the defendants is not an issue. Cole vs. Fisher, 11 Mass. 137, 138. “It is immaterial, as respects the right of action, or the form, whether the act of the defendant was by his intention and purpose injurious to the plaintiff ...” Cole vs. Fisher, supra.
Trespass is defined by Bouviers Law Dictionary as “Any unauthorized entry upon the realty of another to the damage thereof” Rawles Third Revision, Vol. 3, page 3316.
Sometimes an entry may be justifiable when the same is effected either by license or consent of the party or by license of law. Bigelow on Torts, 7th Edition s. 479.
By license of the law, is meant the license which the law implies to enter upon the land of another.
There was no evidence of justification on the part of the defendants. The fact that a suspicion of a neighbor that the plaintiff had not been seen about his premises for a time offers no justification for the defendants’ unauthorized entry, particularly bearing in mind that the examination of the premises showed them to be secure and orderly. The defendants cannot justify their actions by the fact that they were police officers and performing their duty nor that they were acting under orders of superior officers. There was no evidence in the condition of the premises that warranted a forcible entry. One may enter upon the land of another under the doctrine of necessity but what shall con *280 stitute necessity is a question of fact, depending upon the circumstance of each particular case. Lynch vs. Boston & Maine Railroad, 226 Mass. 522, 527.
The defendants cannot justify their conduct under this doctrine. “Any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks or signs or who in any way or by any means countenances or approved the same, is in law deemed to be an aider and abetter, and liable as principal; and proof that a person is present at the commission of a trespass without disproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.” Brown vs. Perkins, 7 Allen, 89, 98.
All defendants were present and even though the defendant Kingston, who was a neighbor, was requested by the officers to be present when they made their unlawful entry, he too is guilty of trespass, as by his presence he countenanced and approved their conduct and he is therefore deemed an aider and abetter. He is liable as a principal. Brown vs. Perkins, supra.
Request number three that “The defendants had no right to force the outer doors of the plaintiff’s dwelling house and enter on the premises without a warrant issued by a court of competent jurisdiction; solely because of statements and solicitations made to them by third persons requesting them to do so” was denied as the trial judge found that the defendants did not force the outer entrance. This was prejudicial error as Quinlan a police officer forced the outer entrance in the presence of the officers and was acting with them and the presence of the officers at the time was conduct on their part that showed them to be aiding, abetting and countenancing Quinlan’s unlawful act and makes them liable as principals.
*281 Bequest number ten “That upon all the evidence the defendants are liable for all damages consequent upon their breaking and entering the plaintiff’s close” was denied and such denial constitutes prejudicial error. The court stated its denial to be predicated on the fact that one not a defendant made the forcible entry and such request is not in accord with the facts. See Brown vs. Perkins, 7 Allen 89, 98.
Bequest number fifteen “That the defendant Kingston acted in aid of the other defendants who were police officers is no defense to this action for breaking and entering the plaintiff’s close, if the officers were trespassers” was denied as “Kingston did no breaking and entering.” Its denial was prejudicial error. Kingston’s conduct by his presence and acting as a witness at the request of the officers countenanced their acts and he is therefore liable ás a principal. One encouraging in any way is liable for trespass and one’s presence without dissent warrants a finding of assent. Brown vs. Perkins, supra.
That one acted in aid of an officer is no defense to an action of trespass, if the officer himself was a trespasser. Darling vs. Kelly, 113 Mass. 20.
As Kingston was an aider and abetter, in the circumstances the police officers being trespassers, so is Kingston a trespasser.
It was prejudicial error to deny requests number 8 and 14 for reasons herein expressed. There was undisputed evidence that the defendants used force in entering the plaintiff’s premises and Kingston’s conduct shows him to be a trespasser.
Bequest number twenty-one “That the Constitution of Massachusetts (Declaration of Bights, Article XIV) and the Constitution of the United States (Fourth Amendment) provide that no dwelling house shall be broken into and searched except when a search warrant has been issued by a court of competent jurisdiction, and that no rule or *282 regulation of the police department of the City of Somerville in any order of an officer thereof to the contrary will be a defense to the defendants for breaking and entering the plaintiff’s close without such warrant thus provided by law” was denied, as breaking and entering may be justified to save life or property. There was no evidence that either life or property was jeopardized. The denial constituted prejudicial error.
The finding for the defendants in the circumstances is vacated.
A new trial is ordered.