MORGAN, Defendant in Error, v. Cox, Plaintiff in Error.

22 373
99 661

1. Any negligence in the performance of what is lawful which causes loss to another, is an injury which confers a right of action.
2. The reasonable care which persons are bound to take in order to avoid injury to others, is proportionate to the probability of injury that may arise to others. He who does what is more than ordinarily dangerous, is bound to use more than ordinary care.
3. Where injury to another is caused by an act that would have amounted to trespass *vi et armis* under the old system of actions, as where one by the negligent handling of a loaded gun kills another's slave, it is no defence, it would seem, that the act occurred through inadvertence, or without the wrong-doer's intending it ; it must appear that the injury done was *inevitable*, and utterly without fault on the part of the alleged wrong-doer.

*Error to St. Clair Circuit Court.*

Action to recover in the form of damages the value of plaintiff's slave, alleged to have been killed by the accidental discharge of a gun in the hands of the defendant, a minor, by reason of his negligence. The defendant answered by his guardian *ad litem*, denying the negligence. The facts sufficiently appear in the opinion of the court. There was a verdict and judgment for the plaintiff below, and the defendant brings the case here by writ of error.

*F. P. Wright*, for plaintiff in error, cited 12 Pick. 177 ; 6 Shepley, 32 ; 11 East, 60 ; 2 Pick. 621 ; 2 Taunt. 314 ; 18 E. C. L. Rep. 437 ; 243 C. L. Rep. 391 ; 2 Iowa Rep. 462.

*Gardenhire*, for defendant in error, cited Ward v. Weaver ; Hobart, 390 ; 9 Mo. Rep. 738 ; 4 McCord, 161 ; 1 Dev. 185 ; 6 Mon. 337 : 2 Miles, 298.

LEONARD, Judge, delivered the opinion of the court.

We see no grounds for disturbing this judgment. The suit was for the negligent shooting of the plaintiff's slave, and the only question was as to the fact of negligence. The defendant it seems had been out with his gun, and was asked by the plaintiff to aid him and his servant in driving an unruly cow across the Osage river ; and while doing so he punched the cow with his loaded gun, and in replacing it across his horse, the hammer struck the saddle as he supposed and caused it to fire, by which the plaintiff's servant was shot and killed.

The court directed the jury, that if the killing, although unintentional, was occasioned by the negligence of the defendant, he was liable ; and also instructed, at the instance of the defendant, that if the gun were discharged while the defendant was replacing it across his horse, he was not liable, unless the firing was occasioned by his negligence in replacing it ; but refused to tell the jury, that if it were thus discharged and not

while it was being used in punching the cow, the fact of its having been thus used did not render the defendant liable.

We think the jury were so instructed, as to the law of the case, as to leave the defendant without any ground of complaint; indeed the matter was submitted to the jury quite as favorably for him as the law would permit. The plaintiff put his right of recovery upon the ground of negligence, and the jury were told, that if it appeared from the evidence that the defendant had been guilty of it, they must find for the plaintiff; and ordinarily this would seem to be a sufficient direction, that they could not so find unless the proof satisfied them of the required fact. Here, however, the court, at the instance of the defendant, also directed, that if the accident occurred while the gun was being replaced across the horse, they must find for the defendant, unless the act was done negligently, and without taking proper care. The refused instruction, as to the effect of the previous act of punching the cow upon the subsequent firing, was quite unnecessary for the defendant, except to lead the jury astray; for the court had already said, that if the event occurred while the gun was being replaced, the defendant was not liable, unless he were guilty of negligence in replacing it; which was going to the very limit of the law, in that particular, for the defendant.

We are also satisfied, that there was quite enough evidence of negligence, to submit the case to the jury; and if we were called upon to express an opinion upon it, we should not hesitate to say, that it well warranted the verdict. If a person be guilty of an unlawful act, he is responsible for all the damage that is thereby occasioned to others. But here, it is true, the defendant had an undoubted right to carry his loaded gun about with him; and, therefore, that alone did not render him responsible for the private damage that resulted from it to the plaintiff, or answerable criminally for the destruction of human life that was thereby occasioned. Upon legal principles it must be, that to the extent to which one person has a right to act, others of course are bound to suffer; and any damage

that may accrue to them, while he is thus exercising his rights, affords no valid ground of complaint. The loss occasioned in such cases, is "*damnum absque injuria.*" Every person, however, who is performing an act, is bound to take some care in what he is doing. He can not exercise his own indisputable rights without observing proper precaution not to cause others more damage than can be deemed fairly incident to such exercise. "*Sic utero tuo, ut alienum non laedas.*" And, therefore, although the mere exercise of a right is not a wrong in any case, any negligence in the exercise of it, that causes a loss to another, is an injury, conferring upon him a right of action. It is correctly said, that generally between persons standing in no particular relation to each other, that alone is reasonable case, which, in the judgment of men in general, is proportionate to the probability of injury to others; and consequently, he who does what is more than ordinarily dangerous, is bound to use more than ordinary care. The defendant here had a dangerous instrument in his hands, and it was his duty to take proportionate care in handling it. The punching of the cow was a careless use of it, surrounded as he was by others; and although the accident did not then occur, it was no doubt occasioned by accidentally striking the hammer against the saddle, upon returning the gun to the horizontal position which the defendant had carried it without elevating the muzzle. The accident, in all probability, would not have occurred had the defendant taken that care of the gun that it was his duty to have taken of it while it was loaded, and he himself was surrounded by those whom it might injure if it accidentally fired.

We have thus stated how far a party ought to be held responsible upon the principles of law applicable generally to damage occasioned by negligence, which seems to be the ground upon which the plaintiff here placed his right of recovering. It must however be admitted, that our law holds a person to a much stricter responsibility when the act amounts to a trespass *vi et armis,* either to property or person. Under the old system of

actions, it was no defence, in such cases, that the act occurred by misadventure, and without the wrong-doer's intending it, but the defendant must have shown such circumstances as would make it appear to the court that the injury done to the plaintiff was *inevitable*, and the defendant was not chargeable with any negligence ; for no man should be excused of a trespass, unless it may be adjudged *utterly without his fault*: This was so determined in an old case, (Weaver v. Ward, Hobart, 134,) where the action was against a soldier who had accidentally shot his comrade while exercising ; and in Underwood v. Hewson, (Strange, 596,) the defendant was uncocking his gun, when it went off and accidentally wounded a bystander, and the defendant was charged and holden liable in trespass. And in Cole v. Fisher, (11 Mass. Rep. 137,) it is said, that this decision has never been questioned.

The facts of the present case would, under the former system of procedure, have supported an action of trespass, and can not, we think, be distinguished from the cases cited. In one of them, the party in uncocking his gun accidentally discharged it and wounded a bystander. Here, the defendant accidentally struck the hammer of his gun against his saddle, and the same result ensued. In both cases it was upon the defendants to show, that it happened, as the books say, by inevitable accident, and without the least fault; and the change that has been introduced by the new code in the remedy, has not changed the rules of law as to the liability of the parties. It is enough, however, that, under any view of the law, the defendant was clearly liable for this damage. In the case cited from the Massachusetts Reports, the defendant, after washing his gun, went to his shop-door, which was about a rod distant from the highway, and discharged it for the purpose of drying it ; and the plaintiff's horse, being at the time harnessed to his chaise, and fastened by his bridle to the fence on the opposite side of the road, was frightened and ran away, and broke the chaise, and the defendant was held answerable for the damage, either in trespass or case, according to the other circumstances

of the transaction.   In Lynch v. Nurden, (2 Stephens, Nisi Prius, 1017,) which was an action for an injury to a child, committed by the defendant in leaving his horse and cart stand-ing alone in a street, into which some children had got, and, teasing the horse, the cart went over the plaintiff and broke his leg ;  Durham,  Chief  Justice,  before  whom  the case  was tried, held the defendant liable, and said : " If a  man were guilty of negligence in leaving any thing dangerous in a street, and an injury arose, though partly by the conduct of other par-ties, the sufferer unquestionably had a right to recover.   If a game-keeper, returning home from his duty, were to leave his loaded gun in a play-ground, and one of the boys should fire it off and injure another, it could not be doubted but that the game-keeper must answer in damages to the injured party." I recollect myself a case that occurred, where a person in rid-ing through the streets of one of our villages with his loaded rifle before him, lying horizontally across his saddle, *it accidentally* fired and wounded a person sitting in his own door, and no doubt seemed to be entertained of the responsibility of the party for the damage that resulted.   The judgment is affirmed.