## George Zoeller, Plaintiff in Error, v. Henry Schmitz, Defendant in Error.

### Gen. No. 16,895.

1. WEAPONS—*burden of proof in action for injuries from negligent use.* The burden is on one having entire control of a gun, which is discharged and injures another, to prove that the gun was not fired by him either intentionally or negligently, but that the result was inevitable and without the least fault on his part in a case where the gun was only resting in his lap as well as when it was actually in his hands.

2. TRIAL—*improper instructions.* An instruction that if the jury believe from the evidence that any witness had wilfully and knowingly sworn falsely to any material fact in the case, or that any witness had wilfully and knowingly exaggerated any material fact or circumstance for the purpose of deceiving, misleading or imposing on the jury, the jury might reject the entire testimony of such witness, unless corroborated by other evidence or by facts and circumstances appearing in the case, is improper as requiring the entire testimony to be corroborated.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 1, 1912.

FOELL & BARNHART, for plaintiff in error.

O'DONNELL, DILLON & TOOLEN, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the plaintiff in error, hereinafter called the plaintiff, against the defendant in error, hereinafter called the defendant, for damages on account of injuries received through the discharge of a gun belonging to the defendant.

It would seem from the record that the plaintiff and defendant had been hunting and sat down to rest near a ditch. They were about four or five feet apart,

facing east or northeast, and defendant being a little southeast and in front of plaintiff. The plaintiff sat with his feet pulled up against his body. They were in this position when a third person, named Conner, came up to them from the south. Conner stopped in front of them, and was about four or five feet away, facing west. At this time the defendant's gun was in front of him, lying across his knees, the muzzle being about four or five feet from plaintiff's feet and pointing about a foot and a half or two feet in front of him. The plaintiff asked the defendant if the gun was safe, and the defendant said it was, and after picking it up laid it back in the same position. The defendant then asked to examine Conner's gun. The latter took the shells out of it and handed it to the defendant. While defendant was examining Conner's gun the defendant's gun was discharged, the shot striking plaintiff's right leg just above the ankle, necessitating its amputation between the ankle and the knee.

The case was tried before the court and a jury, the verdict of the jury was in favor of defendant. Judgment for costs was rendered against the plaintiff, from which judgment this appeal has been perfected.

At the request of the defendant the court gave the following instruction:

"The court instructs the jury that the burden of proof in this case is not upon the defendant to show that he is not guilty of the specific negligence charged in the declaration, but that the burden is upon the plaintiff to prove that the defendant was guilty of the specific negligence charged in the declaration, and this rule as to the burden of proof is binding in law and must govern the jury in deciding this case. The jury have no right to disregard said rule or to adopt any other in place thereof, but in weighing the evidence in coming to a verdict the jury should apply the rule as above stated and adhere strictly to it. No presumption that the defendant was guilty of any negligence arises from the mere fact that the accident happened."

We think the instruction erroneous. The rule is that if a person is injured by the discharge of a gun in the hands of one who has entire control of it, the burden is upon the latter to prove that the gun was not fired by him either intentionally or negligently, but that the result was inevitable and without the least fault upon his part. Atchison v. Dullam, 16 Ill. App. 42; Cole v. Fisher, 11 Mass. 137; Bahel v. Manning, 112 Mich. 24; Morgan v. Cox, 22 Mo. 373. In the cases cited it would seem that the weapon was in the hands of the defendant, but we think the rule should be the same whether the gun was actually in the hands of the defendant or in his lap, as in the case before us.

A second instruction which is objected to is as follows:

"The jury are instructed that it is a principle of law that if you believe from the evidence that any witness has wilfully and knowingly sworn falsely to any material fact in the case, or that any witness has wilfully and knowingly exaggerated any material fact or circumstance for the purpose of deceiving, misleading or imposing upon the jury, either as to the nature or extent of the injury, or as to the manner of the alleged accident in question, then the jury have the right to reject the entire testimony of such witness unless corroborated by other evidence which you believe, or by facts and circumstances appearing in the case."

This instruction in substance seems to have been condemned in C. & A. R. R. Co. v. Kelly, 210 Ill. 449, as requiring credible evidence to be believed. It is also erroneous in requiring the entire testimony to be corroborated. It is urged by the appellee that the instruction is approved in Chicago City Ry. Co. v. Bundy, 210 Ill. 39. In the latter case, however, the point made in the former case and in the one which we are now considering does not appear to have been raised, and the form was different in other respects.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*