## Marley Harrison, Appellant, v. William Allen, Appellee.

1. WEAPONS—*negligent discharge.* Where it is alleged that defendant, while hunting, negligently injured plaintiff by discharging his gun in plaintiff's direction, it is reversible error to instruct that the burden of proof throughout the case is on plaintiff and to refuse instructions correctly stating the law as to the burden on defendant to prove that the gun was not negligently discharged by him.

2. WEAPONS—*negligent discharge.* Where plaintiff was injured when defendant discharged his gun in plaintiff's direction when hunting, instructions are erroneous which place the burden on plaintiff throughout the case of proving that he was using due care and that defendant was negligent.

3. WEAPONS—*burden of proof.* When defendant discharges his gun in plaintiff's direction while hunting and injures plaintiff, the burden is on defendant to prove that the gun was not fired negligently.

Appeal from the Circuit Court of Crawford county; the Hon. E. E. Newlin, Judge, presiding.   Heard in this court at the October term, 1912.  Reversed and remanded.  Opinion filed March 10, 1913.

Hiles & Simpson, George W. Jones and Bradbury & Gaines, for appellant.

Parker & Crowley and Parker & Eagleton, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit brought by appellant, Marley Harrison, a minor, who sued by Jacob Harrison his next friend, against appellee William Allen, to recover damages occasioned by the discharge of a gun in the hands of appellee while these parties, together with others, were hunting on November 24, 1910.

The declaration on which the case was tried, contained three counts in case, each stating the conditions under which appellant was injured as claimed by him, alleging due care on the part of appellant, negligence on the part of appellee, and charging that appellant was in view of and near to appellee at the time the former was shot.

The circumstances preceding and bringing about the injury, were shown by the proofs to be in substance as follows:  On Thanksgiving day, 1910, appellant who was a college student, nineteen years of age was at home, on his father's farm in Crawford county.   On that day appellee, a farmer some years older, went with two other persons, Rollo Gill and Clarence Leggett, to appellant's home, for the purpose of engaging in hunting, they having previously on that day hunted for a while over the neighboring farm of said Leggett. Appellant, his father, being absent, gave them permission to hunt on the place and soon afterwards joined them as did also two of his acquaintances, Blaco and

Russell. The pasture in which they hunted was a quarter of a mile long from north to south and about twenty rods wide and there were in it a few scattering trees, some brush and blackberry bushes. There was also a creek running through it from north to south, and east of it was a field of broom corn. At the suggestion of Gill they "lined up" for safety and in this manner hunted up and down the creek for about half an hour, when it was further suggested by one of them, that on account of the danger they had better all go to dinner and afterwards separate. With this in view, and after appellant had refused invitations to dinner from Leggett and Blaco, appellee with his two companions, started to the northeast of the pasture, where they had hung their coats on a post. Appellant went west across the creek about twenty yards and got a rabbit which he had killed while hunting and hung it in a tree. Russell and Blaco started south to their home. Appellant's home was southeast of where they were hunting. Appellee and his companions afterwards crossed the fence to the east into the broom corn and hunted south. After appellant got his rabbit he started southeast and south following a path towards his home. When appellant had come within about twenty-five yards of appellee, some quails flew up and appellee shot at them three times, first at one flying south, then at one flying southwest and then turned and fired almost directly west. The last shot struck appellant in the face and chest, some forty shot lodging in each. As a result of the shot, appellant suffered great pain and has totally lost the sight of his left eye.

We will not discuss the evidence, for the reason that the cause must be remanded for another trial, on account of errors in regard to the instructions occurring upon the trial in the court below, but the above statement of the facts is deemed by us to be necessary for a proper presentation of the law applicable to the case. Upon the trial, appellant took the position that after

he had shown that appellee had control of the gun and shot it in such a manner as to inflict the injury upon appellant, the burden was then cast upon appellee to show by the proof there was no negligence on his part. On the other hand the position taken by appellee was that the burden was on appellant throughout the whole case to show, not only that he was without fault, but that the injury was caused by the negligence of appellee.

While some instructions laying down conflicting rules of law, were given, yet upon the whole the court below appears to have adopted appellee's theory of the law as being applicable to the case.

The third instruction given for appellee was as follows: "When an accident occurs and it becomes a subject of inquiry as to the question of liability therefor, these facts must be shown by the evidence, and the evidence alone: First, was the party injured at the time using due care for his own personal safety. Second, was the party who caused the injury negligent? And unless the jury can say that on each point that the party injured has shown by the preponderance of the evidence that he was using due care for his own personal safety at the time of the injury, and that the party injuring him was negligent or not then using due care to prevent the injury, there would be no liability and the injured party could not recover in an action to recover damages for such injury." Other instructions given for appellee appear to place the burden of proof throughout the whole case, upon appellant. These instructions do not state the law correctly as applicable to the facts in this case. "As firearms are extraordinarily dangerous, a person who handles such a weapon is bound to use extraordinary care to prevent injury to others and is held to a strict accountability for want of such care. When an injury occurs from the discharge of a gun or other firearm, he, by whom it was discharged, in order to excuse himself

from liability for the injury, must show that the discharge was absolutely without his fault and that it happened by inevitable accident." 12 Am. & Eng. Ency. of Law (2nd Ed.) 518, and cases cited.

In the case of Atchison v. Dullam, 16 Ill. App. 42, there is a review of a number of cases upon this subject and the law as determined by them, is stated to be that "if a person is injured by the discharge of a gun in the hands of another who has entire control of it, the burden is cast upon the latter to prove that the gun was not fired at him either intentionally or negligently, but the result was inevitable and without the least fault upon his part." It is there also said, "Firearms are not usually discharged without the intervention of some human agency. A presumption, therefore, almost conclusive in its character, is raised, that when such weapons are discharged while in the possession and control of another, the firing is caused either by design, carelessness or inadvertence upon his part."

Appellant's third refused instruction stated the law upon this subject correctly and should have been given. It is true that two of the instructions given on behalf of appellant, as modified by the court, recognized the correct rule of law, but where directly opposite statements of the law, applicable to the case are laid down in the instructions of the respective parties, it leaves it to the jury to determine which rule they should follow, and therefore improperly permits them to determine the law, applicable to a civil case, as well as the question of fact.

For the errors in the instructions above indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*