## Mary Newkirk, Administratrix of the Estate of Frank P. Newkirk, Deceased, Appellee, v. Albert F. Gross, Appellant.

1. APPEAL AND ERROR—*when giving unnecessary instruction is harmless error.* Giving an instruction which was unnecessary because it covered a question not raised in the case is not reversible error on that account.

2. NEGLIGENCE, § 213*—*when instruction not misleading.* Where an instruction in an action for shooting plaintiff's intestate was to the effect that if the jury believed from the evidence that the deceased was shot by the discharge of a gun in the possession or control of the defendant "at or immediately before the time of its discharge," etc., *held* that the word "immediately" is generally understood as meaning "instantly, directly, without delay, forthwith," etc., and that its use could not have misled the jury.

3. INSTRUCTIONS, § 120*—*when properly refused.* It is not error to refuse to give an instruction not based on the evidence.

4. NEGLIGENCE, § 151*—*when burden of proof as to freedom from is on person holding exploding weapon.* A person in the sole control, possession and management of a dangerous weapon at the time it explodes and injures another person has the burden of showing that such explosion was not by any negligence or fault on his part.

5. NEGLIGENCE, § 191*—*when freedom from contributory negligence is a question for the jury.* In an action for shooting plaintiff's intestate, *held* that it was a question of fact for the jury whether the defendant was without fault at the time of the injury, and their finding should not be disturbed unless against the manifest weight of the evidence.

Appeal from the Circuit Court of Clinton county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

FORD & JONES, for appellant.

NOLEMAN & SMITH and J. J. McGAFFIGAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BOGGS delivered the opinion of the court.

The record in this case discloses that on December 3, 1914, while appellant and appellee's intestate were hunting near the home of appellee's intestate, the gun of appellant was discharged and its contents took effect in the right limb of appellee's intestate between the hip and the knee. The injury occurred about 2 p. m. in the afternoon, and at 8 p. m. in the evening death resulted therefrom.

An action in trespass was instituted by appellee as administratrix of her husband's estate in the Circuit Court of Clinton county against appellant resulting in a verdict and judgment of $1,900 against appellant, from which judgment he prosecutes this appeal.

It is first contended by appellant that the court erred in refusing to exclude the evidence and peremptorily instruct the jury to find him not guilty. Without going into a detailed consideration of the evidence in the record, it will be sufficient to say that taking the evidence with the proper inferences to be drawn therefrom it was sufficient to go to the jury and there was no error in the trial court refusing to give appellant's peremptory instructions.

It is next insisted by appellant that the trial court erred in giving the second and third instructions given on behalf of appellee. Instruction No. 2 is as follows: "The court instructs the jury that if you believe from a preponderance of the evidence in this case that the deceased, Frank P. Newkirk, while he was using ordinary care for his own safety, was wounded as the result of the discharge of a gun which was in the control of the defendant, Albert F. Gross, at or immediately before the time of said shooting, then it is not essential for the plaintiff to prove in order to recover in this case that the shooting of her husband was done wilfully or intentionally by the said Albert F. Gross." The complaint made as to this instruction is that the

court erred in instructing the jury that it was not necessary for appellee to recover in this case to prove "that the shooting of her husband was done wilfully or intentionally by the said Albert F. Gross." We do not understand from the argument of appellant's counsel that this instruction does not state a correct principle of law, but it is argued that as no question was made that the shooting was intentional or wilful, an instruction in regard thereto would tend to mislead the jury as to the issues involved. While the giving of thi·· instruction may have been unnecessary in this case, the giving of the same was certainly not such error as to require a reversal of the judgment on that account.

Appellee's third instruction is as follows: "The court instructs the jury that if you believe from a preponderance of the evidence in this case that the said Frank P. Newkirk, while in the exercise of ordinary care for his own safety, was shot by the discharge of a gun which was wholly in the possession or control of the defendant, Albert F. Gross, at or immediately before the time of its discharge, and that the said Frank P. Newkirk died as the result of said shooting, then, although you may further believe from the evidence that the said Gross did not intentionally discharge said gun at the said Newkirk, yet if you further believe from the evidence that said gun was discharged by the reason of the negligent or careless manner in which said gun was then and there handled or managed by said Gross, then you may find the defendant guilty." The complaint made to this instruction is the use of the words "at or immediately before the time of its discharge," it being contended that the statement in the instruction would tend to mislead the jury and that the instruction did not state a correct principle of law. The word "immediately" used in the instruction is a word of such common acceptation that we do not think the jury would have been misled thereby. As generally understood, the word has much the

same meaning as instantly, directly, without delay, forthwith, etc. " 'Immediately' implies without any interposition of other occupation; instantly, or instantaneously; in an instant, or without any intervention of time; directly, without any division of attention." *Streeter v. Streeter*, 43 Ill. 165.

We do not believe there was any substantial error in the court giving this instruction and we fail to see how the jury could have been misled to the hurt of appellant thereby.

It is next insisted that the court erred in refusing the ninth, tenth and eleventh instructions presented on behalf of appellant. So far as instruction No. 9 presents a correct principle of law, it was covered by other instructions given on behalf of appellant. Instructions 10 and 11 assumed as facts matters not supported by the evidence. In other words, instructions 10 and 11 are not based on evidence in the record. Instead of it being error in the court refusing to give instructions 10 and 11, the court would have erred had it given said instructions. We think so far as the instructions in this case are concerned, the court liberally instructed the jury on behalf of appellant, giving some eight instructions, which we think covered appellant's theory of the case so far as his theory was supported by the law. Only three instructions were given on behalf of appellee.

It is also contended by appellant that the verdict is against the manifest weight of the evidence. Appellant's counsel concede in their argument, quoting from page 5 of their brief: "That one in the control, possession and management of a dangerous weapon, who, while so in possession and control of the same, permits it to explode and injure another, casts the burden upon him to show that it was not by any negligence or fault upon his part." This, we understand, to be a substantially correct statement of the law covering this character of case. *Atchison v. Dullam,* 16 Ill.

App. 42; *Zoeller v. Schmitz,* 172 Ill. App. 167; *Harrison v. Allen,* 179 Ill. App. 520.

In *Atchison v. Dullam, supra,* the court after discussing a line of cases involving injuries by firearms at page 46 says: "These adjudications which we admit as authorities, and give our unqualified approval to the conclusions therein reached, clearly show how strictly the law holds a party responsible for injuries inflicted upon another in the use or handling of firearms. They determine that if a person is injured by the discharge of a gun in the hands of another who has entire control of it, the burden is cast upon the latter to prove that the gun was not fired at him either intentionally or negligently, but the result was inevitable and without the least fault upon his part."

The court further says: "Firearms are not usually discharged without the intervention of some human agency. A presumption, therefore, almost conclusive in its character, is raised, that when such weapons are discharged while in the possession and control of another, the firing is caused either by design, carelessness or inadvertence upon his part."

In *Zoeller v. Schmitz, supra,* at page 169 the court says: "The rule is that if a person is injured by the discharge of a gun in the hands of one who has entire control of it, the burden is upon the latter to prove that the gun was not fired by him, either intentionally or negligently, but that the result was inevitable and without the least fault upon his part. *Atchison v. Dullam,* 16 Ill. App. 42; *Cole v. Fisher,* 11 Mass. 137; *Bahel v. Manning,* 112 Mich. 24; *Morgan v. Cox,* 22 Mo. 373. In the cases cited it would seem that the weapon was in the hands of the defendant, but we think the rule should be the same whether the gun was actually in the hands of the defendant or in his lap, as in the case before us."

In *Harrison v. Allen, supra,* being a case from this

district, this court cites and approves the language used in *Atchison v. Dullam, supra.*

It is contended by appellant that the shooting of appellee's intestate was purely accidental without any negligence on the part of appellant, and occurred while appellant and appellee's intestate were ·hunting; that appellant tripped and fell with his gun on his shoulder at the time and that when the gun struck the ground it exploded, the shot therefrom lodging in the right limb of appellee's intestate between the hip and the knee. It is conceded that appellant and appellee's intestate were only about thirty or thirty-five feet apart at the time the injury occurred; they were quail hunting and the shot which lodged in the limb of appellee's intestate were small bird shot. The testimony of appellee and her son Frazier Newkirk, a young man about eighteen years of age, is to the effect that appellant and appellee's intestate had been gone from the house some thirty minutes when appellant came running to the house of appellee's intestate hallooing, and upon the son inquiring of appellant, ''What is the matter, Mr. Gross?'' appellant replied, ''I have shot your father's leg off from here on down and he fell right down in the water.'' On the other hand, appellant testified in his own behalf, in reference to this conversation, that after the injury occurred he went to the house, and that appellee's son asked him what had happened, and in answer he said: ''I told him I had fallen and shot Frank Newkirk in the leg.'' Frazier Newkirk, son of appellee, testified that when he, appellant, and one or two of the neighbors went to the place where appellee's intestate was lying after his injury, appellant said to appellee's intestate, ''Frank, you know I did not intend to do it,'' and that appellee's intestate replied, ''Albert, I know you didn't.'' Also, that appellee's intestate stated to one of the neighbors, who was in the house of appellee's intestate the after-

noon of the injury, that the shooting was accidental.

An attempt was made to impeach Frazier Newkirk by showing that he made different statements with reference to what appellant had said at the home of appellee's intestate immediately after the injury, the effect of the testimony being that he had stated in the presence of these witnesses that appellant said that he had caught his foot in the grass and fell down and shot appellee's intestate in the leg. This evidence tended to impeach the testimony of appellee's son, but we are of the opinion that taking the whole testimony as shown by the record it was a question for the jury to determine as to whether or not the shooting of appellee's intestate was without the fault of appellant. It was conceded by appellant in his argument that immediately prior to the discharge of his gun he had the complete possession and control thereof. (Quoting from page 20 of appellant's brief), ''We confess that Gross, immediately prior to the discharge of the gun, had the complete possession and control thereof, and did not lose control of the same until after he fell to the ground.'' The burden under the authorities above cited was on appellant to prove that the shooting of appellee's intestate was without fault on his (appellant's) part. There is no testimony in the record proving or tending to prove what degree of care appellant was using just at and immediately prior to the time his gun was discharged.

There was no serious error in the instructions and, as there is no complaint with reference to the rulings of the court on the admission and exclusion of evidence, it was a question of fact for the jury as to whether or not appellant was without fault at the time of the injury, and their finding on that question should not be disturbed unless against the manifest weight of the evidence. We are unable to say that the jury were not warranted in their findings.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

MR. JUSTICE McBRIDE took no part on the hearing or decision of this case.