### John Reed, by Edgar M. Reed, Defendant in Error, v. William Kabureck, a minor, Plaintiff in Error.

1. EVIDENCE—*admission by infant defendant—admissibility.* Since an infant is liable for his torts, any admissions which he may make in reference thereto, if he be above the age of fourteen years, should be admitted in evidence against him, to be given such weight as the jury may deem proper in connection with all the other evidence in the case.

2. EVIDENCE—*admissions by minor while under arrest—admissibility in action against minor to recover damages.* In an action against a minor to recover damages for injuries caused by shooting plaintiff, a written statement and oral admissions, voluntarily made by defendant to police officers while under arrest for another offense, as to having shot plaintiff are admissible.

3. EVIDENCE—*admissions as voluntary or involuntary.* In an action to recover damages for personal injuries, where a police

officer testifies that an oral admission of defendant made to him was made without any promise or threat being used, and two other officers, who were present when defendant made a written statement to the same effect, testify that no promise or threat was made to procure it, and defendant denies having made the oral statement and testifies that the written statement was procured by promises of the officers that they would assist in having him released from being held for an offense for which he was then in custody, it is not error to permit such oral and written admissions to go to the jury.

4.  NEGLIGENCE—*burden of proving want of negligence in action for injury by firearms.*  One in the sole control and possession of a dangerous weapon at the time it is fired, and injures another has the burden of showing that the discharge was not by any negligence or fault of his own, in an action against him to recover damages for personal injuries caused by the explosion.

5.  NEGLIGENCE—*sufficiency of admissions to show liability in action to recover for injuries caused by discharge of firearm.*  In an action to recover damages for personal injuries alleged to have been inflicted by the firing of a rifle by defendant, admissions, written and oral, made by defendant to police officers while he was in custody for an offense, to the effect that he had shot plaintiff several months before, *held* sufficient basis for a verdict for plaintiff, if believed by the jury.

6.  NEGLIGENCE—*verdict in action for injury by firearm as not contrary to weight of evidence.*  In an action to recover for personal injuries alleged to have been caused by the discharge of a firearm by defendant, where there are placed in evidence oral and written admissions of defendant that he shot the plaintiff and plaintiff's mother testifies that it is her recollection that it occurred about 4 o'clock, evidence of defendant that he did not shoot plaintiff and was' not present at the time the shooting was alleged to have occurred but was at school and did not reach his home, from which he was alleged to have fired the shot until about 4:20, and evidence of other witnesses as to having seen him elsewhere and that he could not have reached home until after 4, a verdict for plaintiff is not contrary to the manifest weight of the evidence, especially where there is also evidence that other shot found imbedded near the place where plaintiff was shot indicated that they came from the direction of defendant's home.

7.  NEGLIGENCE—*when contention that verdict result of prejudice and passion untenable.*  In an action to recover damages for personal injuries alleged to have been inflicted by defendant by firing a rifle, a contention that the verdict of the jury for plaintiff, which was for $7,000, was the result of passion and prejudice cannot be sustained where there is no· contention in the brief and argument

of appellant that the verdict is excessive, especially in view of the fact that plaintiff has lost the sight of one eye permanently and the sight of the other is greatly impaired, and that there is evidence in the record tending to show a strong probability that he may lose the sight of the latter permanently.

Error by defendant to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 20, 1923.

B. J. O'NEILL and WILLIAM P. BOYNTON, for plaintiff in error.

JAMES E. DUNNEGAN, for defendant in error.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

About four o'clock in the afternoon of the 16th day of January, 1920, in the City of Alton, defendant in error, hereinafter called plaintiff, who was then about six years of age, was shot and as a result thereof his left eye was permanently destroyed, the sight of the right eye has been greatly impaired, and he was otherwise injured as a result thereof. At the time of the shooting plaintiff was in the rear yard of his parents' home. No one saw the shooting. Plaintiff's mother, while engaged in some household duties in the basement of their home, heard the shot, and rushing out found the plaintiff bleeding, as she expressed it, "from one end to the other."

Some three or four months thereafter, plaintiff in error, hereafter called defendant, then about seventeen years of age, was under arrest for some minor offense and while detained at the city jail in said city was interrogated by Peter Fitzgerald, the chief of police, in reference to said shooting. Fitzgerald testified, on behalf of plaintiff over the objections of the defendant, that the defendant stated to him that he shot plaintiff with a "little rifle" from an upstairs window in the house of his parents. The evidence

being that the residences of the parents of the respective parties to this proceeding are on adjoining lots.

The record also discloses that defendant in the presence of Joseph Ursch and William Herberer, two of the police officers of said city, signed, the following statement: "Dept. of Police, City of Alton. Chief of Police, Dear Sir: I, the undersigned, am writing this statement of my own free will under the impression that I will not get into any trouble from writing out same; that I accidentally shot John Reed on January 16, 1920, from an upstairs window. Yours truly, William Kabureck." This statement was witnessed by Ursch and Herberer.

Said statement or admission was admitted in evidence over the objections of the defendant. Suit having been instituted by plaintiff against defendant, in the circuit court of Madison county, to recover for said injuries, a trial was had resulting in a verdict and judgment in favor of plaintiff for the sum of $7,000. To reverse said judgment, defendant prosecutes this writ of error.

The declaration as finally amended consists of two counts. The first count charges that the defendant assaulted plaintiff with a gun and shot him, thereby destroying 'the sight of one of the plaintiff's eyes, greatly impairing the sight of the other, and causing other injuries to the plaintiff, etc. The second count charges, among other things, that the defendant, "negligently, carelessly and recklessly" shot the plaintiff while the plaintiff was in the exercise of due care and caution for his own safety, etc. To said declaration a plea of the general issue was filed.

It is first contended by the defendant for a reversal of said judgment that the court erred in admitting the signed statement or confession hereinabove referred to, and in allowing the chief of police to testify to said oral admission on the part of the defendant, first, because it is contended that admissions on the

part of an infant are not admissible in evidence against him; and second, it is contended that the evidence discloses that said statements and oral admission, if made, were procured by a promise on the part of said police officers that they would assist the defendant in procuring his release from the charge on which he was then held.

The law in this State, following the common law, holds infants liable for their torts. *Davidson v. Young*, 38 Ill. 145; *Wilson v. Garrard*, 59 Ill. 51; 14 Ruling Case Law, sec. 36; 22 Cyc., p. 618. It would seem to follow, therefore, that if an infant is liable for his torts, any admissions that the infant might make in reference thereto, if he be above the age of fourteen years, should be admitted in evidence against him, to be given such weight as the jury deem proper in connection with all the other evidence in the case. Such we understand to be the law in this and in other jurisdictions. *Chicago City Ry. Co. v. Tuohy*, 196 Ill. 410; 22 Corpus Juris, p. 345, sec. 398; 14 Ruling Case Law, p. 266, sec. 41; *Gebhardt v. United Rys. Co.* (Mo.), 220 S. W. 677, 9 A. L. R. 1076-1080; *Coons v. Pritchard*, 69 Fla. 362, 68 So. 225, L. R. A. 1915F 558.

In *Chicago City Ry. Co. v. Tuohy, supra,* the trial court, in an action brought by an infant of some six years of age to recover for personal injuries, gave to the jury an instruction stating to them "that the admissions of a child of the tender age of plaintiff at the time of the admissions, if any are proved, should be received more cautiously on account of his age than the admission of an adult, and the jury should weigh them with reference to his age and understanding; in other words, that even while admissions of an adult are received with great care and caution, those of an infant of the age of plaintiff at the time of the admissions must be received with still greater care and caution on account of his tender years and understanding

at the time of the admissions." This instruction was held to be a correct statement of the law.

In *Gebhardt v. United Rys. Co., supra*, the Supreme Court of Missouri in discussing admissions made on the part of infants says: "We must also rule against the proposition urged by respondent's counsel that an infant is incapable of making admissions of fact which would be admissible against him in the trial of his cause. The plaintiff in this case had reached the age of discretion, and was competent as a witness. She was therefore competent to make admissions against herself, and it was for the triers of fact to determine the effect of any such admissions, in view of her age, intelligence, and all the facts and circumstances in the case." Citing *Pledge v. Griffith*, 199 Mo. App. 303, 202 S. W. 460; *Atchison, T. & S. F. Ry. Co. v. Potter*, 60 Kan. 808, 72 Am. St. Rep. 385, 58 Pac. 471, 6 Am. Neg. Rep. 512; *Chicago City R. Co. v. Tuohy*, 196 Ill. 410, 58 L. R. A. 270, 63 N. E. 997; *Hamblett v. Hamblett*, 6 N. H. 349; 1 R. C. L. 488; 14 R. C. L. 282, and cases cited.

In 14 Ruling Case Law, p. 266, sec. 41, it is said that the confessions of an infant in a criminal proceeding are admissible against him, provided the admission or confession was voluntarily made, the language used being: "The confession of an infant is admissible against him; though the circumstances under which the confession was made should be carefully investigated, and the requirement that it be the voluntary act of the accused, not induced by considerations of hope or fear held out by the prosecution, should be applied even more strictly than in other cases. Where the *corpus delicti* is otherwise shown, a conviction may be held on the confession of the accused alone, if it is clearly proven, and it is satisfactorily shown that he was capable of distinguishing right from wrong."

It therefore follows that if the written statement

signed by the defendant and the oral admissions testified to by the chief of police were voluntarily made by the defendant, the court did not err in admitting the same.

On the proposition as to whether said written statement and said oral admission were voluntarily made. The chief of police testified that no threat was made against defendant, and no promise was made to him in order to procure his oral admission. The other two police officers who were present when the written statement was made by the defendant both testified that no promises whatever were made the defendant and no threats were made against him so that the only evidence in the record to the contrary is the evidence of the defendant himself, who flatly denied having made the oral admission, and said the written statement was procured from him by promises by said police officers that they would assist him in being released from the charge on which he was then held. We are of the opinion that the court did not err in permitting said written statement and said oral admissions to go to the jury for them to give such weight to as they might deem proper under all the evidence in the case.

It is also contended by counsel for the defendant that there is nothing in the written statement or in the oral admission, if admissible, that would render him liable under the declaration in this case. In other words, his counsel contends that the proof fails to support the allegation of a negligent and reckless shooting of the plaintiff by the defendant. The law in this State, however, is that a person in the sole control, possession and management of a dangerous weapon at the time it explodes and injures another has the burden of showing that such explosion was not by any negligence or fault on his part. *Newkirk v. Gross,* 203 Ill. App. 79; *Atchison v. Dullam,* 16 Ill. App. 42;

*Zoeller v. Schmitz,* 172 Ill. App. 167; *Harrison v. Allen,* 179 Ill. App. 520.

In *Newkirk v. Gross, supra,* this court at page 83, quoting from *Atchison v. Dullam, supra,* says: "Firearms are not usually discharged without the intervention of some human agency. A presumption, therefore, almost conclusive in its character, is raised, that when such weapons are discharged while in the possession and control of another, the firing is caused either by design, carelessness or inadvertence upon his part."

In *Zoeller v. Schmitz, supra,* the court at page 169 says: "The rule is that if a person is injured by the discharge of a gun in the hands of one who has entire control of it, the burden is upon the latter to prove that the gun was not fired by him, either intentionally or negligently, but that the result was inevitable and without the least fault upon his part. *Atchison v. Dullam,* 16 Ill. App. 42; *Cole v. Fisher,* 11 Mass. 137; *Bahel v. Manning,* 112 Mich. 24; *Morgan v. Cox,* 22 Mo. 373." In the case of *Newkirk v. Gross,* a writ of certiorari was denied by the Supreme Court making the opinion in that case final.

We therefore hold that the admissions of the defendant were sufficient, if believed by the jury, on which to find a verdict against him.

It is next contended by defendant that the verdict of the jury was against the manifest weight of the evidence. The defendant took the stand and testified in his own behalf to the effect that he did not shoot the plaintiff; that at the time he was alleged to have been shot he was not present; that he had attended school on that day and that he did not arrive home until something like twenty minutes past four. His sister and two or three other witnesses testified on his behalf as to having seen him on the street and at the home of one of the neighbors and to the effect that he could not have reached home until sometime past

four o'clock. The mother of the plaintiff did not undertake to state that the shooting occurred at exactly four o'clock, but she gave it as her recollection that it was about four o'clock. There was not such a discrepancy in the testimony with reference to the time, even if the jury believed the witnesses who testified on behalf of the defendant, as would necessarily overcome the testimony on the part of the plaintiff to the effect that the defendant admitted that he did the shooting. In other words, it was proved in connection with the whereabouts of the defendant at the time of the shooting.

It might be observed with reference to the testimony of the defendant that he admitted having stated to the chief of police that sometime prior to the time of the alleged confession that he had stated that another boy in the neighborhood had done the shooting. It can therefore readily be seen that the jury may not have given full credence to the testimony of the defendant. It might also be observed, in corroboration of plaintiff's case, that he was standing near a grape arbor at the time he was shot and that the shots found in the timbers of the same indicated they had come from the direction of the home of the defendant. In our judgment the evidence supports the verdict of the jury.

It is also contended by counsel for the defendant that the court erred in refusing on defendant's motion to exclude the evidence and to direct a verdict of not guilty. What we have already said in connection with the other points raised by defendant sufficiently disposes of this assignment of error.

It is also contended by defendant that the verdict of the jury is the result of prejudice and passion. There is no contention on the part of the defendant in his brief and argument that the verdict of the jury is excessive. This being true, it cannot be contended that the verdict of the jury was the result of prejudice

and passion, especially in view of the fact that the plaintiff has lost the sight of one eye permanently and the sight of the other eye is greatly impaired, with the evidence in the record tending to show a strong probability that he may lose the sight of this eye also.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*