**HUBER, a Minor, Plaintiff-Appellee v COLLINS, Defendant-Appellant.**

Ohio Appeals, 2nd District, Franklin County.

No. 3497. Decided November 7, 1942.

552

McGhee, Rowe & Evans, Columbus, for plaintiff-appellee.
Harry Kohn, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court after finding for the plaintiff against the defendant, in the sum of $5000.00 and costs, a jury having been waived and trial had to the court.

The action was for damages for personal injuries claimed to have resulted from the negligent discharge of a shotgun. Issue was drawn in the trial court by petition, answer and reply. No demurrer was filed to the petition in Common Pleas Court; no motion for directed verdict was made by defendant at any stage of the trial. The motion for new trial did not urge the insufficiency of the petition except to say that the verdict "is contrary to law". In this court, however, there is no bill of exceptions, and the appellant relies solely upon the proposition that the trial court had no jurisdiction of the cause, for the reason that the petition did not state a cause of action.

Very comprehensive briefs are filed by the appellant, both in chief and in reply, devoted to the argument that the appellant may urge the insufficiency of the petition in this court for the first time. We grant the correctness of the claim of the appellant. §11311 GC; **City of Youngstown v Moore et, 30 Oh St, 133.**

We have examined the petition to determine if it states a cause of action against the defendant. Without quoting the subject matter of the petition, in substance, it alleges that the plaintiff and defendant. in November, 1940, were hunting on lands in Franklin county, Ohio; that the defendant then and there had in his hands a loaded shotgun; and when standing less than ten feet distant from the plaintiff, and while the muzzle of the gun was pointed at the plaintiff's left leg, defendant negligently caused the shotgun to be discharged, proximately resulting in permanent injury to the plaintiff. It is urged that there is no factual averment of negligence; that the mere characterization of the act as being negligently done is but a legal conclusion.

Both counsel cite **Davison v Flowers, 123 Oh St, 89,** the syllabus of which is as follows:

"Where a plaintiff and defendant are engaged in a hunting expedition under a situation where the circumstances developed on the trial tend to prove that the defendant failed to use the care that

ordinarily prudent men would have used under the same or similar situations and circumstances in handling a loaded gun or in securing the safety device thereon, and such failure results in injury to the plaintiff, the latter may recover if he himself is not guilty of contributory negligence; ordinary care in such circumstances is a question to be determined by the jury."

Counsel for plaintiff insists that the petition in this case is identical with that in the cited case. We have examined the files in the Supreme Court in Davison v Flowers, and fined that the petition sets up several specifications of negligence not found in the instant petition. The syllabus, heretofore quoted, is in the main a restatement of the familiar proposition that one is required to use ordinary care in handling a firearm. It may be noted, however, that the syllabus holds that a cause of action is proven against a defendant if it appear that under· the circumstances he failed to handle a loaded gun as an ordinarily prudent man would have done under the same or a similar situation. This is the test that must be applied to the averments of the petition in the instant case.

A loaded gun is a dangerous agency, so recognized in the law. The care enjoined upon one handling a. loaded firearm is variously defined by the courts as ordinary care and the highest degree of care. Whichever degree of care is enjoined upon one handling a loaded gun it is obvious that even ordinary care requires extreme caution at all times to avoid the discharge of the gun and injury to another. In passing upon a general demurrer all reasonable inferences which may arise from the facts set out must be indulged in favor of the pleader. Unlike the common law rule under our statutory form of pleading, a petition must be liberally construed in favor of the pleader, especially after verdict and judgment. **Steel Co. v Sheller, 108 Oh St, 106; Rauman v Mangold, 32 Oh Ap, 419; Chemical Co. v Irish, 22 O. C. C. (N. S.), 574.**

Keeping in mind the foregoing principles, it is our judgment that the factual averments in the petition here under consideration state a cause of action for negligent operation of the loaded shotgun. They are sufficient at least to put the defendant upon explanation. The defendant in the trial court recognized this obligation and in his answer, although not admitting specifically that the gun was pointed toward the plaintiff, inferentially admitted it, but plead that, while the defendant was holding the shotgun in his hands and attempting to close the same, the plaintiff, unknown to him, suddenly passed in front of the defendant and by some cause or unexplained reason, the gun was accidentally discharged. Thus, there was raised the

issue whether or not the discharge of the gun was purely accidental, or whether it was negligent, and the further question whether or not if it was negligently handled such negligence was the proximate cause of plaintiff's injuries.

If the facts set forth in the petition were made to appear undenied and uncontradicted, we are satisfied that a jury would be within its province to draw the inference that the defendant negligently discharged the shotgun and that it proximately caused the injury to the plaintiff. It may be presumed in the absence of proof to the contrary, that a gun does not discharge purely by accident, and whether or not under the circumstances it was handled with due care is a matter of inference from all the circumstances. Enough of the facts, although admittedly meager, are set forth in the petition with the inferences that may properly be drawn from them, to state a prima facie case against the defendant.

We have discussed this petition entirely upon the basis of necessity of the plaintiff to set forth specific grounds of negligence. Whether or not the facts require the application of the doctrine of res ipsa loquitur has not been decided in Ohio, although it was inferentially considered in **Besler v Ponting, 116 Oh St, 432.** The court there held that the failure of the trial judge to charge the doctrine was not an error of commission, but did not decide if res ipsa loquitur applied to the facts. The question certainly is an open one in Ohio.

An interesting note on cases dealing with liability for unintentionally shooting a person while hunting follows Webster v Seavey (N H.), 53 A. L. R., 1202. One case cited, Harrison v Allen, 179 Ill. App., 520, holds that instructions to the effect that the burden of showing negligent discharge of a gun while hunting was upon the plaintiff, were erroneous, and that the burden was on the defendant to prove no negligence on his part in discharging the gun.

We have no purpose to follow the rule announced in Harrison v Allen, but we are committed to the proposition that a rule of strict accountability for the exercise of due care must be enjoined upon those who handle loaded firearms. and that when facts are set forth from which inferences may be properly drawn, of negligence in the handling or operation of the firearm, to avoid liability it is incumbent upon the one who discharges the gun to produce facts and circumstances which at least countervail the inference of negligent operation.

The judgment will be affirmed.

GEIGER, P. J., and BARNES, J., concur.