## MAXFIELD, Plaintiff-Appellee, v. BRESSLER, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 7187. Decided December 12, 1949.

Wm. J. Wise, L. W. Scott, Cincinnati, for plaintiff-appellee.
Charles B. Terry, Fred L. Hoffman, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

(1) This case originated in the Municipal Court of Cincinnati, from which it was appealed to the Court of Common Pleas of Hamilton County, Ohio. While it was pending in that court it was discovered that through inadvertence the bill of exceptions had been filed and stamped in the Court of Appeals, and given the number of a prior appeal of this case to this court. Upon discovery of the error, the defendant-appellant moved the Common Pleas Court for an order for

leave to file the bill of exceptions in this case in the Common Pleas Court. The court granted this motion. It is urged in this court that the Common Pleas Court erred in this respect and that neither that court nor this court can consider any errors requiring a reference to the bill of exceptions.

The bill of exceptions having been duly filed, settled, and certified to by the trial judge, and notice of appeal to the Common Pleas Court having been duly filed, the time of filing the bill of exceptions in the Common Pleas Court on appeal rested within the sound discretion of that court. We find no ground for disturbing the action of that court in granting leave to file it and considering it on appeal. We will consider it as one of the original papers on this appeal of the case from the Common Pleas Court.

(2) At the first trial of this case the Municipal Court entered judgment for the defendant on the ground that the contract was unenforceable under the laws of Kentucky, because the plaintiff had not been licensed by that state as an architect, and the action was to recover for preparation of plans for a building located in that state. On appeal to this court, this judgment was reversed on the ground that in our view the Kentucky statutes were inapplicable. **Maxfield v. Bressler,** 55 N. E. (2d.) 424, **38 Abs, 555.** The defendant-appellant urges errors based on the applicability of the Kentucky statutes and cites the same cases as were under consideration on the first appeal. We adhere to our original conclusion and find the trial court committed no error in ruling on the second trial in conformity thereto.

(3) The next assignment of error is that the court erred in sustaining the plaintiff's demurrer to the fourth defense, contained in the defendant's fourth amended statement of defense. In that defense, the defendant alleged that the plaintiff made certain false representations as to his ability as an architect, but there was no allegation that the defendant relied on them in entering into the contract. The court, for that reason, was justified in sustaining the demurrer. The fact that the statement ended with a general denial did not prevent the sustaining of the demurrer, for the reason that after eliminating the fourth defense, there still remained four general denials in the fourth amended answer. Furthermore, the defendant filed a fifth amended statement of defense, in which were reiterated substantially all the allegations of this defense.

(4) The defendant-appellant contends that the plaintiff-appellee was not a party to the contract sued upon and, therefore, cannot recover in this action, even though she

may have a cause of action on a different contract. This contention arises from the fact that the plaintiff-appellee alleged in his bill of particulars that the contract was in writing and attached a copy. The signatures to this copy and the original which was introduced in evidence are the plaintiff-appellee's and Woodrow Bressler's, a son of the defendant-appellant. However, all the essential terms of the contract are alleged in the bill of particulars, and in the contract the contracting party other than the plaintiff-appellee is described as the owner for whom the services were to be performed and it was the owner who agreed to pay the architect's fee and perform all the other promises forming the consideration for the plaintiff-appellee's promises.

There is no contention that the law required this contract to be evidenced by writing signed by the party to be charged. There was, therefore, no necessity to allege that it was in writing and the allegation may be disregarded as surplusage. Indeed, even where the law requires a contract to be evidenced by a written memorandum signed by the party to be charged, it is not necessary for the pleader to allege that the contract sued on was in writing. **9 O. Jur., 618.**

And at the trial it was sufficient for the plaintiff-appellee to prove that the defendant-appellant had entered into a contract with him embodying the terms alleged. This proof could consist not only of oral testimony but also unsigned written memoranda or written memoranda signed by another, if proper foundation is laid.

Of course, the parol evidence rule excluding all prior and contemporaneous negotiations on the same subject only applies between parties who have integrated their contract into a writing, but that does not mean that an unsigned memorandum or one signed by another has no evidential value.

It seems clear that the defendant-appellant was the party with whom the plaintiff-appellee contracted. She was the owner of the land and she contracted for the erection of the building. The contracting party is described as the owner in the writing signed by plaintiff-appellee and Woodrow Bressler. A reading of the defendant-appellant's testimony is sufficient to conclusively identify her as the contracting party and her testimony is corroborated by all the facts and circumstances. She was asked this question: "What if anything was said about who the contract would be with?", and she answered: "With me."

(5) We are also of the opinion that there is sufficient circumstantial evidence that Woodrow Bressler was authorized

to act for his mother in negotiating with the plaintiff-appellee, and that his mother adopted the contract as her own after it was entered into. Therefore, both by prior authorization and subsequent ratification, she became bound by it. We find no substantial error in admitting this evidence.

(6) Error is claimed in that the court unduly limited the defendant in the introduction of evidence and in the interrogation of witnesses. The extent of examination rests largely in the discretion of the trial court and we find no abuse of that discretion in this case.

(7) It is claimed that the court erred in giving certain special charges, mostly on the ground that they were abstract. Perhaps the court would have been justified in refusing to give them on that ground, but having given them, the question before this court is whether they are correct statement of law—and we find no substantial error in them. Nor do we find the other criticisms valid.

(8) We have examined the special charges requested by defendant-appellant. We find these charges inapplicable to the case as proven.

(9) Refusal to submit certain special interrogatories to the jury is assigned as error. From what we have already said our view of the essential nature of this case is manifest. When the non-essentials are cleared away, there is very little left beyond the proof of the entering into the contract by the defendant-appellant and its terms and substantial performance by the plaintiff-appellee. These interrogatories had no substantial evidence to support them or related to immaterial matters.

(10) We find no prejudicial error in the general charge. The reference to a possible "compromise" among the jurors on the amount is unusual and not to be recommended, but there is no suggestion of a "quotient" verdict and the court told the jury clearly that the verdict must be one "in which you all concur."

We are of the opinion that substantial justice has been done in this case.

For these reasons, the judgment is affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.