PHILLIP J. KOCLANES, Plaintiff-Appellant, v. WILLIAM HERTENSTEIN, SR., Defendant-Appellee.

(No. 69-140; )

Fifth District—January 13, 1971.

Elmer Jenkins, of Benton, for appellant.

J. C. Mitchell and W. A. Armstrong, of Marion, for appellee.

PER CURIAM:

Phillip J. Koclanes brought this negligence action against William Hertenstein, Sr., in the Circuit Court of Jefferson County to recover damages for an eye injury he received while he and Hertenstein were hunting. A jury returned a verdict for defendant and the trial court entered judgment on the verdict and denied plaintiff's post trial motions.

On March 10, 1967, plaintiff, defendant and Wally Owens, friends and business associates, went to Lacey's Hunting Club, about 7½ miles west

of Mt. Vernon to hunt quail. They were accompanied by James Lacey, operator of the hunting club, who directed them to the area where quail had been put out earlier in the day. After they had been hunting for about a half hour and had shot about 6 birds, defendant fired at a quail and a single pellet from the 200 or 300 pellets in the shotgun shell struck plaintiff in the eye and injured it.

Plaintiff argues that the trial court committed reversible error by admitting evidence and instructing the jury on the defense of assumption of risk. Specifically, he asserts that this case is controlled by *Barrett v. Fritz,* 42 Ill.2d 529. In *Barrett,* plaintiff and defendant were playing golf when a golf ball driven by defendant struck the plaintiff in the head causing a brain injury and necessitating major operations. That case, like the one before us, was defended on the theory that plaintiff had assumed the risk, the jury was instructed on that defense and there was a verdict in favor of the defendant.

The Supreme Court first recognized that the Illinois case law and Illinois Pattern Jury Instructions (13.01 and 13.02) confine the defense to actions involving a contractual or employment relationship. It then analyzed and reviewed the critical treatment the defense has received from legal writers and in recent decisions from other States and concluded: "Evaluation of the intrinsic merits of the concept of assumption of risk indicates that no expansion of that concept in Illinois law is warranted. The action of the trial court in giving the instruction on assumption of risk here, where there was neither express consent nor an employment or contractual relationship, * * * constituted reversible error." *Barrett v. Fritz,* 42 Ill.2d 529, 536-537.

■■ Here there was neither express consent nor an employment or contractual relationship between the parties and the plaintiff objected to the giving of the instruction on assumption of risk. Giving the instruction under these circumstances constitutes reversible error. *Barrett v. Fritz,* 42 Ill.2d 529.

Plaintiff also argues that the trial court committed reversible error in refusing to give his instructions Nos. 6 and 7. These instructions, which are not I.P.I. (Civil), dealt with the presumption of negligence which arises where it is shown that defendant had the sole control and management of a firearm at the time it was discharged and injured plaintiff. Since this case must be retried and this question may again arise, we will deal with it.

In the early case of *Atchison v. Dullam,* 16 Ill.App. 42, the Appellate Court said at page 46: "Firearms are not usually discharged without the intervention of some human agency. A presumption, therefore, almost conclusive in its character, is raised, that when such weapons are dis-

charged while in the possession and control of another, the firing is caused either by design, carelessness or inadvertence upon his part." This rationale was thereafter applied in *Zoeller v. Schmitz*, 172 Ill.App. 167; *Harrison v. Allen*, 179 Ill.App. 520; *Foell v. Rasmussen*, 193 Ill.App. 609; *Newkirk v. Gross*, 203 Ill.App. 79; *Reed v. Kabureck*, 229 Ill.App. 36; and *Norling v. Carr*, (CA—7) 211 F.2d 897. This statement from Atchison and its application in subsequent cases has been interpreted as merely employing the doctrine of *res ipsa loquitur*. (Annotation, 46 A.L.R.2d 1216.) It has been suggested that the presumption as defined in Atchison and subsequent cases is so strong that the defendant, "if he is to escape liability, must explain away an almost conclusive presumption that the discharge was caused by design, carelessness or inadvertence." See Annotation, 26 A.L.R. 3rd 561 at page 571.

■■ It is true that the term *res ipsa loquitur* was not used in any of the cited cases and the presumption was defined as "almost conclusive in its character." "Almost conclusive" is certainly indefinite and would, in our opinion, tend to confuse a juror rather than enlighten him. The presumption is either conclusive or it is not—"almost" tells one nothing. Our examination of Atchison and subsequent cases leads us to the conclusion that they were applying the *res ipsa loquitur* doctrine. We hold, therefore, that under the facts disclosed by this record, an instruction in the form of I.P.I. (Civil) 22.01 would properly be given.

The judgment of the Circuit Court of Jefferson County is accordingly reversed and the cause is remanded for a new trial.

Reversed and remanded.